The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GENE WAMSLEY,<br><br>Defendant. | NO. CR20-095 JLR<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Cecelia Y. Gregson, Assistant United States Attorney for said District, respectfully submits this Sentencing Memorandum in the above-captioned case.

Defendant, Gene Wamsley, is before the Court for sentencing following his plea of guilty to three counts of Possession of Theft of Government Property, in violation of 18 U.S.C. § 641. Sentencing is scheduled for January 11, 2021, at 10:15 a.m.

For the reasons that follow, the Court should sentence the defendant to 12 months of imprisonment followed by a three year term of supervised release, three $100 special assessments, and restitution totaling $132.291.24. An Order of Forfeiture has been executed. Dkt. 36. To the extent that the imposition of a sentence requiring incarceration during the Coronavirus 2019 (COVID-19) pandemic is cause for concern, the Court may elect to delay Mr. Wamsley's reporting date to allow for mass vaccination to occur.

GOVERNMENT'S SENTENCING MEMORANDUM - 1
*U.S. v. Wamsley /* CR20-095 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

## I. FACTUAL BACKGROUND

Beginning in January 2020 and continuing until June 9, 2020, Mr. Wamsley used his position as a Respiratory Therapist at the United States Department of Veterans Affairs (VA) Medical Center in Seattle, Washington, during the COVID-19 pandemic, to steal medical equipment maintained in the Respiratory Therapy Department and sell those devices for personal monetary gain.

On January 10, 2020, the VA Police Services filed a report regarding a missing Bronchoscope, an instrument utilized to visualize a patient's airway for diagnostic and therapeutic purposes. The VA Police Services filed two additional reports on January 31, 2020, and April 16, 2020, regarding two additional missing bronchoscopes. The bronchoscopes were stored in a cabinet located in the bronchoscope suite at the Seattle VA Medical Center. The door to the suite required a four-digit access code to unlock it.

Staff in the Pulmonary Department of the VA disclosed finding several bronchoscopes listed for sale on eBay. Case agents researched the reported eBay seller listings and discovered the seller's profile name was listed as "Easy-Sells". This profile name was registered to Mr. Wamsley. A search of active and completed sales for user "Easy-Sells" revealed there were a total of 27 items, between January 7, 2020 and April 30, 2020, that were either actively for sale or a completed sale. A review of the list of items found that user "Easy-Sells" recently sold three bronchoscopes for $5,250 each to an individual residing in Florida. The total value of the bronchoscopes is $101,991.74.

A further review of the eBay seller listings revealed that Mr. Wamsley sold five Philips Respironics Trilogy 100 Ventilators. A ventilator is a machine that provides mechanical ventilation by moving breathable air into and out of the lungs to deliver breaths to a patient who is physically unable to breath or breathing insufficiently. Case agents confirmed that three of the ventilators were taken from the VA hospital. A purchaser of one of the ventilators, T.R. told case agents he bought the ventilator for approximately $6,000 from eBay user Easy-Sells. The ventilator is valued at $9,995.

GOVERNMENT'S SENTENCING MEMORANDUM - 2
*U.S. v. Wamsley /* CR20-095 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

On June 9, 2020, case agents executed a search warrant at Mr. Wamsley's residence. A bronchoscope valued at $15,304.50 and a WatchPat, a diagnostic device used to screen, detect, and treat sleep apnea valued at $5,000, were seized from his residence. Additional items seized were two Continuous Positive Airway Pressure (CPAP) machines, CPAP masks, ventilation tubes, shipping documents, eBay receipt documents, and several digital devices. The total loss of the property stolen from the Seattle VA Medical Center is $132,291.24. PSR 3-4, Dkt. 28 at 5-6.

On June 12, 2020, Mr. Wamsley was charged via Complaint and subsequently indicted on three counts of Theft of Government Property in violation of 18 U.S.C. § 641 on July 29, 2020. Dkts. 1, 17. On October 5, 2020, Mr. Wamsley pled guilty as charged. Dkt. 28.

## II.   GUIDELINES CALCULATIONS

The government concurs with the U.S. Probation Office calculation of the offense level:

| | | |
|---|---|---|
| Base Offense Level | 6 | USSG § 2B1.1 |
| Loss of more than $95,000 less than $150,000 | +8 | USSG § 2B1.1(b)(1)(N) |
| Abuse of trust | +2 | USSG § 3B1.3 |
| Acceptance of Responsibility | -3 | USSG § 3E1.1(a), (b) |
| **Total** | **13** | |

The defendant accepted responsibility for the offense and pursuant to USSG § 3E1.1(a) the offense level should be decreased by 3-levels. Counts 1, 2, and 3 are grouped for guideline calculations purposes because they involved the same victim and the same acts. USSG § 3D1.2(a). The defendant has a Criminal History Category of I resulting in a guideline imprisonment range of 12-18 months imprisonment.

## III.   SENTENCING RECOMMENDATION

Considering the factors set forth in 18 U.S.C. § 3553(a), the government recommends that the Court impose a sentence of 12 months imprisonment. The government is seeking a

GOVERNMENT'S SENTENCING MEMORANDUM - 3
*U.S. v. Wamsley /* CR20-095 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

three-year supervised release to follow and three special assessments of $100. Considering the amount of restitution owed, the government is not seeking additional fines.

A.     Term of Imprisonment

    1.     The Nature and Circumstances of the Offense

Mr. Wamsley's reckless decision to steal respiratory medical equipment from needy patients is difficult to comprehend under the best of circumstances, but even more so when one considers he elected to do so during a global pandemic in which infection primarily affects the basic function of breathing.  When factoring in the class of patients relying upon respiratory therapy devices consisted of veterans having served our country, the gravity of Mr. Wamsley's shameful thefts are shocking to the conscious.

While Mr. Wamsley lacks a logical explanation for the motivations behind these thefts, there can be little doubt old fashioned greed is to blame.  By stealing thousands of dollars' worth of medical equipment over the course of many months, Mr. Wamsley placed his personal gain over the preservation and well-being of the very patients to whom he owed a duty of care.  As a nurse, Mr. Wamsley reported "frequently assisting COVID-19 patients." *See* SR at 3.  As such, his decision to steal respiratory therapy devices for personal monetary gain is rather confounding as he was an eyewitness to the tremendous suffering of those inflicted.  By repeatedly stealing equipment from a population of ill veterans at such a critical point in time Mr. Wamsley violated not only federal law, but ethical obligations held by nurses since the inception of the profession.

A sentence of 12 months imprisonment provides a reasonable punishment for Mr. Wamsley's gross misconduct and takes into consideration his expeditious taking of responsibility and the fact that he has paid $5,000.00 towards restitution to date.  SR at 4.

    2.     The History and Characteristics of the Defendant

Unlike many defendants before this Court, Mr. Wamsley did not experience childhood sexual trauma or extreme physical abuse, largely enjoyed school, is prosocial, and currently enjoys relationships with nuclear family members. PSR at ¶¶36-38.  Mr. Wamsley obtained a General Education Development certificate in lieu of graduating high school and

GOVERNMENT'S SENTENCING MEMORANDUM - 4
*U.S. v. Wamsley* / CR20-095 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

subsequently obtained a Respiratory Therapist Certificate enabling him to obtain gainful employment. *Id*. at ¶¶43,46. By all accounts, Mr. Wamsley maintained employment throughout his adult life and remains married to his wife of thirteen years. *Id*. at ¶ 45, ¶¶69-76. Although Mr. Wamsley disclosed historically struggling with alcohol abuse, he voluntarily enrolled in counselling to address his issue. *Id*. at ¶48. Mr. Wamsley has largely achieved compliance while on bond pending trial and sentencing, which bodes well for his ability to comply with future supervision. Id. at ¶3.

### 3. Promoting Respect for the Law, Providing Just Punishment, and Affording Adequate Deterrence to Criminal Conduct and Avoiding Unwarranted Sentencing Disparity

Sentencing the defendant to twelve months of imprisonment and three years supervision is warranted based upon the facts of this case and with thoughtful consideration given to the defendant's history, personal characteristics, and repeated involvement in stealing and selling respiratory therapy equipment intended to medically assist veterans during a global pandemic.

### B. Waiver of Appeal

As part of the plea agreement, Mr. Wamsley has waived his right to appeal the sentence imposed in this case if the sentence does not exceed the applicable Guidelines range determined by the Court at the time of sentencing. If the Court imposes a sentence within this applicable Guidelines range or less, the government respectfully requests that the Court notify Defendant, pursuant to Federal Rule of Criminal Procedure 32(j)(1)(B), that he has waived his appeal rights except as to the effectiveness of legal representation. Otherwise, the government requests that the Court notify Defendant of his right to appeal the sentence as set forth in Title 18, United States Code, Section 3742.

## IV.   CONCLUSION

The government therefore respectfully recommends the Court impose a sentence of twelve months of imprisonment and three years supervision upon release. This sentence takes into consideration the aggravating factors associated with the defendant's misconduct,

GOVERNMENT'S SENTENCING MEMORANDUM - 5
*U.S. v. Wamsley /* CR20-095 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

his acceptance of responsibility, and the need for the sentence to provide just punishment and promote respect for the law.

DATED this 4th day of January, 2021.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*s/ Cecelia Y. Gregson*
CECELIA Y. GREGSON
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: (206) 553-7970
Fax: (206) 553-0755
Email: cecelia.gregson@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 6
*U.S. v. Wamsley /* CR20-095 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the defendant.

*s/ Kyle R. Martin*
KYLE R. MARTIN
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970
FAX:   (206) 553-0755
E-mail: Kyle.martin2@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 7
*U.S. v. Wamsley /* CR20-095 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970